UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WAYNE LAMARR HARVEY,<br>　　　　　　　Plaintiff,<br>v.<br>CHARLES JAMSEN, *et al.*,<br>　　　　　　　Defendants.<br>_____/ | Case No. 23-10049<br><br>F. Kay Behm<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

### ORDER DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL (ECF No. 29)

This matter is before the Court on Defendant Zigler's motion for summary judgment and Plaintiff's second motion for appointment of counsel. Plaintiff was ordered to respond to Zigler's motion on or before June 22, 2023. (ECF No. 25). He did not respond, so the Court ordered him to show cause why it should not recommend that the motion be granted. (ECF No. 28). Plaintiff's show cause response is due July 31, 2023. Recently, Plaintiff moved for appointment of counsel and filed a letter supporting his request for counsel. In these documents, he asserts, as he did in his first motion for appointment of counsel, that he is functionally quadriplegic, legally blind, and has other physical and mental limitations impeding his ability to litigate. He also states that before a recent transfer, he had help from a jailhouse lawyer, but now he only has a person assigned to read and write for him, and this person does not have any legal

training.  (ECF Nos. 29, 30).  His new location also does not have a legal writer assistance program.  Thus, he suggests it is impossible for him to litigate the complex issues in this case.

The Court will consider these documents as a response to the Order to Show Cause.

As explained before, under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff.  *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992).  There is no constitutional right to the appointment of counsel in civil cases.  *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25–27 (1981).  With few exceptions, it is the practice of this Court to consider the appointment of counsel in prisoner civil rights cases only where exceptional circumstances exist, or in certain cases only after a motion to dismiss or for summary judgment has been decided on the merits of the claims.  *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) ("It is a privilege that is justified only by exceptional circumstances.").  To make the determination whether there are exceptional circumstances to appoint counsel, the Court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success.  *Reneer*, 975 F.2d at 261; *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

The Court is sympathetic to Plaintiff's difficulties litigating this case, but as he stated, he has a person assigned to read and write for him. At this point, only two defendants have been served and one has moved to dismiss for failure to exhaust administrative remedies. Exhaustion of administrative remedies is not a complex legal doctrine that requires assistance from a person with some legal training. The merits of Plaintiff's claims have yet to be tested. Plaintiff's motion is **DENIED WITHOUT PREJUDICE**. Plaintiff should use the reading and writing assistant and time in the law library to draft a response to the motion for summary judgment. The Court will extend his response deadline to **September 8, 2023**. The Court will consider appointing counsel after the merits of the claims has been tested.

Plaintiff is warned that failure to file a response to the motion for summary judgment could result in a recommendation that the motion be granted.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to

a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: July 31, 2023                                     s/Curtis Ivy, Jr.
                                                        Curtis Ivy, Jr.
                                                        United States Magistrate Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on July 31, 2023.

                                                        s/Kristen MacKay
                                                        Case Manager
                                                        (810) 341-7850