UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE LAMARR HARVEY,　　　　　　　　　Case No. 23-10049

　　　　Plaintiff,　　　　　　　　　　　　　　F. Kay Behm
v.　　　　　　　　　　　　　　　　　　　United States District Judge

CHARLES JAMSEN, *et al.*,　　　　　　　　Curtis Ivy
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge
　　　　Defendants.
_____/

**OPINION AND ORDER VACATING OPINION AND ORDER AND
JUDGMENT (ECF Nos. 69, 70), GRANTING MOTION TO EXTEND TIME
TO FILE OBJECTIONS TO REPORT AND RECOMMENDATION (ECF No. 72)
AND OVERRULING OBJECTIONS (ECF No. 71)**

**I.　　PROCEDURAL HISTORY**

On December 5, 2024, Magistrate Judge Curtis Ivy issued a report and recommendation (R&R). (ECF No. 66). Magistrate Judge Ivy recommended granting Defendant Bashir's motion for summary judgment and dismissing the Doe defendant because Plaintiff has failed to provide any identifying information for service of process. *Id*. The R&R was served on Plaintiff on December 5, 2024 but was initially returned to the court as undeliverable because additional postage was required. (ECF No. 67). The R&R was re-served on December 19, 2024. *See* Text Only Certificate of Service dated December 19, 2024. After

1

waiting nearly a month for objections, and no timely objections were received, the court issued an Opinion and Order adopting the R&R and entered judgment. (ECF No. 69, 70).  On February 27, 2025, over a month after the court issued its Opinion and Order, Plaintiff now moves for an extension of time to file objections. (ECF No. 72).

Plaintiff admits that he received the R&R on December 26, 2024, approximately one week after it was remailed.  (ECF No. 72, ¶ 2).  Plaintiff claims that the time to respond to the R&R expired before he received it based on the December 5, 2024 issuance date.  Plaintiff explains that he is confined to a bed at Duane L. Waters Health Center and suffers from a terminal condition.  He requested legal writer service on December 26, 2024 and the legal writer made contact on January 4, 2025.  *Id.* at ¶ 5.  He requests an extension of time to submit objections or requests that the Magistrate Judge's R&R be re-issued.  *Id.* at 6.  Plaintiff has submitted his objections to the R&R.  (ECF No. 71).

In the court's review, Plaintiff's time for objections began to run when the R&R was re-served on December 19, 2024.  Thus, Plaintiff could have timely filed objections.  However, given the confusion over when the objection period began to run, the court will **GRANT** the motion to extend the deadline and will now consider Plaintiff's objections.  Accordingly, the January 17, 2025 Opinion and

2

Order and Judgment are **VACATED** so that court may consider Plaintiff's objections to the R&R.

## II.   LEGAL STANDARD

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review.  28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3).  This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.  "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018).  Objections that dispute the general correctness of the report and recommendation are improper. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id*. (citing *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute").  In sum, the objections must

be clear and specific enough that the court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346. And, when objections are "merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections merely restated his summary judgment arguments, "an approach that is not appropriate or sufficient").

### III.  ANALYSIS

Plaintiff's sole objection to the R&R is that dismissal of Plaintiff's claims against Defendant Bashir before any discovery was allowed prevented Plaintiff from learning the identity of the Doe Defendant. Plaintiff was warned that failure to name the Doe Defendant so that service could be effectuated could result in dismissal of the Doe Defendant. (ECF No. 59). He was ordered to show cause why the Doe Defendant should not be dismissed without prejudice for failure to provide service of process information. *Id.* Plaintiff responded and explained that he could not identify the Doe Defendant without discovery. (ECF No. 60). The magistrate judge vacated the order to show cause and allowed plaintiff to

conduct limited discovery via serving discovery requests on Defendant Bashir limited to obtaining the Doe Defendant's identity and contact information. (ECF No. 61). It is not clear whether Plaintiff ever conducted this discovery, but he was given ample opportunity to conduct the discovery necessary to identify the Doe Defendant. Given that Plaintiff was permitted to conduct this limited discovery and still failed to provide the name and address for service of the Doe Defendant, the court **OVERRULES** Plaintiff's objection to the R&R (ECF No. 71).[1] Therefore, the court **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 66), **GRANTS** Defendant Bashir's motion for summary judgment (ECF No. 57), and **DISMISSES** the Jane Doe defendant without prejudice.

**SO ORDERED**.

Date: February 28, 2024                    s/F. Kay Behm
                                           F. Kay Behm
                                           United States District Judge

---

[1] Although not an objection the R&R, Plaintiff also complains that the court should have ruled on his requests for counsel, long ago. The record shows that Plaintiff moved for the appointment of counsel on multiple occasions. (ECF No. 3, 29). And those motions were addressed by the Magistrate Judge. (ECF Nos. 20, 31). Plaintiff filed a third motion for appointment of counsel in January, 2025, which was mooted by the court's adoption of the R&R, dismissing the case.